**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4632**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

PATRICIA YVONNE DIGGS, a/k/a Patricia Yvonne Johnson, a/k/a Patricia Yvonne Holmes,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:15-cr-00228-PX-2)

Submitted: June 29, 2018                         Decided: July 19, 2018

Before KING, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Teresa Whalen, LAW OFFICE OF TERESA WHALEN, Silver Spring, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Joseph R. Baldwin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Patricia Yvonne Diggs guilty of conspiring to commit bank fraud in violation of 18 U.S.C. § 1349 (2012). Diggs and her husband, Brian Diggs, conspired to defraud certain financial institutions through material false statements and omissions related to vehicle purchase loans. Diggs raises two issues in this appeal, both of which relate to the Government's evidence of her guilt. Diggs first asserts that the district court erred when it instructed the jury on willful blindness because the Government failed to show that she took specific actions to avoid knowledge that she was joining a bank fraud conspiracy. Next, Diggs asserts that the district court erred when it limited cross-examination of the police officer who testified about her custodial statement. We affirm.

"We review for abuse of discretion both the district court's decision to offer an instruction and the content of that instruction." *United States v. Jinwright*, 683 F.3d 471, 478 (4th Cir. 2012).

> The principle that willful blindness will satisfy a knowledge element in criminal law is premised on the idea that defendants should not be permitted to escape the reach of criminal statutes that require proof that a defendant acted knowingly or willfully by deliberately shielding themselves from clear evidence of critical facts that are strongly suggested by the circumstances. But, to ensure that the willful blindness doctrine retains an appropriately limited scope that surpasses recklessness and negligence, its application has two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.

*United States v. Hale*, 857 F.3d 158, 168 (4th Cir. 2017) (citation and internal quotation marks omitted). We have further explained that "a willful blindness instruction is appropriate when the defendant asserts a lack of guilty knowledge but the evidence

2

supports an inference of deliberate ignorance." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (brackets omitted). And "where the trial evidence supports both actual knowledge on the part of the defendant and deliberate ignorance, a willful blindness instruction is proper." *Id.* (internal quotation marks omitted).

We conclude that the Government presented ample evidence that Diggs knowingly and intentionally engaged in fraudulent activities – including evidence that she submitted false loan applications; manipulated or edited lien release letters; submitted a fake police report to a credit reporting agency claiming that she was a victim of identity theft; and was aware of her husband's criminal business dealings. The Government presented numerous emails, false loan applications, and testimony from Diggs' family members, coworkers, and codefendants that corroborated her guilty knowledge. From this evidence the jury could readily infer that Diggs subjectively believed that there was a high probability that the car deals and loans in which she and her husband were engaged were fraudulent.

Furthermore, the Government presented evidence of Diggs' deliberate ignorance. For example, the Government showed that Diggs received a criminal complaint from a law firm about her husband and that she forwarded the complaint from her email account to that of her husband. The Government also showed that law enforcement officials first executed a search warrant for Diggs' house in June 2014, but she asked her husband to obtain a loan to purchase an Audi for her several months later. At a minimum, Diggs deliberately failed to inquire about criminal proceedings against her husband. The Government also showed that Diggs referred a coworker who was seeking to purchase a used car to her husband, then deliberately removed herself from the situation after her

3

husband absconded with the coworker's $25,000 check.  Thus, the trial court acted well within its discretion in charging the jury on willful blindness.

Turning to Diggs' second argument, we review a district court's evidentiary ruling for abuse of discretion.  *United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006).  "A district court has abused its discretion if its decision is guided by erroneous legal principles or rests upon a clearly erroneous factual finding."  *Brown v. Nucor Corp.*, 576 F.3d 149, 161 (4th Cir. 2009) (internal quotation marks omitted).  Furthermore, "[e]videntiary rulings are subject to harmless error review."  *United States v. McLean*, 715 F.3d 129, 143 (4th Cir. 2013).  To find an error harmless, we need only to determine "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error."  *Id.*

Diggs argues that the common law Rule of Completeness should have allowed her to question an officer on cross-examination regarding statements that she made during her custodial interview.  Assuming without deciding that Federal Rule of Evidence 106 did not override the common law Rule of Completeness, *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988), and that it applies to oral testimony, we conclude that any error stemming from the district court's evidentiary ruling is harmless.  Diggs sought to introduce statements through cross-examination that she told the officer there are things that her husband did not tell her and that she did not know about all of her husband's businesses or dealings.  But the district court allowed counsel to ask the officer how many times Diggs told him during the interview that she did not know about her husband's dealings, thus the district court admitted other information to the same effect.  As a result, we can say with

4

fair assurance that the jury's verdict was not swayed by the district court's ruling on this testimony.

Accordingly, we affirm Diggs' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*